MOORE v. CLYMER-JONES LITHOGRAPH CO.

(District Court, E. D. Pennsylvania. June 24, 1915.)

No. 723.

COURTS ⟨Key⟩99—LAW OF CASE—PRIOR RULING.

A master's finding that a receiver, paying a claim presented to and disallowed by the court appointing the receiver, must be surcharged therewith, will not be disturbed on exceptions to his report; the disallowance by the court being the law of the case until reversed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 340; Dec. Dig. ⟨Key⟩99.]

Action by Charles A. Moore against the Clymer-Jones Lithograph Company. On exceptions to report of special master surcharging the receiver for the payment of a claim. Exceptions dismissed.

Norman Grey, of Camden, N. J., and Theodore J. Grayson, of Philadelphia, Pa., for exceptants.

DICKINSON, District Judge. The present controversy between the parties, as voiced by the exceptions filed, may be razeed to the question of the propriety of what is termed a franchise tax claimed by the state of New Jersey to be due by the defendant company. Although termed a franchise tax, it is more in the nature of an arbitrary imposition of a required annual payment by the corporation as a condition of its continued corporate existence. By the laws of New Jersey the payment of the claim is not only required of corporations, but in cases of insolvency is made a preferred claim. The tax was paid by the receivers in pursuance of the advice of their counsel, and the question of the propriety of the payment is in form raised by the surcharge of the accountant to the amount so paid.

The payment is sought to be justified by the receivers on the ground that in the course of the administration of the affairs of the defendant company it was deemed advisable to have the corporate existence of the defendant terminated to secure relief against the running of the tax. A condition of its corporate dissolution was the payment of the claim due to the state of New Jersey. The benefit and advantage sought to be thus given to those interested in the defendant company could in consequence not be gained without the payment of the tax, and, as creditors and others interested in the defendant company have thus received the benefit of what was done, they are not in position to successfully urge refusal to pay the price of securing the benefit and advantage which has flowed to them. Furthermore, as this was a New Jersey corporation, whose affairs were being administered by the court through receivers there appointed, and whose assets were thus brought within the state, such assets were properly chargeable with the payment of the claim of the state of New Jersey; the authority and functions of the accountants being merely ancillary to the proceedings there instituted, although appointed here.

Whatever might be said in support of the argument by which these positions are sought to be maintained, the fact remains that the report of the master is based upon the former ruling of this court denying

the claim which was paid by the receivers, and refusing its allowance. This is at least returned by the master as a fact, and this finding is neither excepted to nor denied. We have not at hand access to this ruling; but, assuming it to have been made, as stated by the master, we cannot convict him of error in having followed it, because, having been made, it is the law of the case until reversed. The master plants his ruling squarely upon the ground that the claim, the subsequent payment of which is made the basis of the surcharge excepted to, was presented to this court and disallowed. After this disallowance, and notwithstanding it, the claim was paid by the receivers. The learned special master, as we understand his position, did not deem himself at liberty to disregard the ruling of this court in order to follow the views of counsel for the receivers. In adhering to this position, the master was clearly right. Obviously, if there was an error committed, it was in misconstruing the previous ruling of this court. As there is no suggestion that he committed the latter error, he was manifestly right in the conclusions which he has reached.

There is, therefore, neither necessity nor occasion to otherwise justify the report of the master. There is possible room in the statement of the record facts given us to find lodgment for the thought that the previous ruling of this court did not apply to the propriety of the payment as made by the receivers, but merely to the allowance of the claim which was disallowed by the court. No such thought, however, is squarely presented in the argument addressed to us in support of the exceptions. The argument is devoted exclusively to the validity of the claim of preference in payment made by the state of New Jersey, and the sustaining of the exceptions would require us to convict the master of error in not having reversed the ruling of the court of his appointment. It must be plain to every one that this we cannot do.

The exceptions are accordingly dismissed.